In the matter of the settlement of the estate of JAMES P. FOGG, deceased.

A creditor holding a preferred claim against an insolvent estate must present it, under oath, to the assignee within the time limited by the order of the court, or be barred.

On application to admit claim not exhibited to administrator within the time limited by order of court.

*Mr. M. P. Grey,* for applicant.

THE ORDINARY.

The question presented for decision is whether, under proceedings to settle an insolvent estate, a preferred creditor may recover his debt out of the assets (which are insufficient to pay the claims exhibited), notwithstanding his failure or omission to exhibit it, under oath, to the executor or administrator within the time

limited by the order requiring creditors to exhibit their claims under oath. The statute provides that the estate of an insolvent decedent shall be ratably distributed among his creditors in proportion to their debts, except that the preferred debts, and the allowance to the executor or administrator for care and expenses, shall be first paid. It provides also for notice to creditors, limiting them to a time to be designated by the court, within which they are to present to the executor or administrator their claims under oath or affirmation. It provides also that the claims exhibited shall be in writing, specifying the amounts and particulars thereof, and verified by oath (or affirmation), and that the executor or administrator shall report the claims exhibited, particularly specifying the demands and amounts thereof, at the time of the report and whether due by judgment, decree, bond, note, book account or otherwise, and that he shall also exhibit a true statement of the personal estate and an inventory of the real. The statute provides for exceptions to and trial of disputed claims, and it also provides that any creditor who shall not exhibit his claim to the executor or administrator according to the provisions of the statute within the time limited and prescribed by the court, shall be forever barred from prosecuting or recovering his claim, unless the estate prove sufficient, after all debts exhibited and allowed are fully satisfied, or he shall find property not inventoried or accounted for, in which case he is to have his ratable proportion out of it. While the statute recognizes the priority of what are called therein preferred debts and their claim to payment in full, it at the same time requires the holders of such debts to exhibit them on oath or affirmation. The section barring creditors does not except preferred creditors, but by its terms it extends to all. The fact that a creditor has a preferred debt does not relieve him of the necessity of proving it. It will be preferred if he duly exhibits it, but if he does not he will be barred like any other unpreferred creditor. It is the character of his debt that gives it preference, but to obtain the preference it must be duly exhibited. Such debts are of course liable to be disputed, but if they are not to be exhibited within the limited time, how is the court or the executor or administrator to know

what debts entitled to preference there are, and what is due to such creditors? And how can the executor or administrator or other creditors except to and try such claims? If such a creditor does not exhibit his debt, according to the statute, within the time limited, he will be in precisely the same plight as any other creditor who fails to do so.